ESTATE OF MARY D. GLADDING, DECEASED, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 31435.   Promulgated December 20, 1932.

*Samuel Dowden, Esq.*, for the petitioner.
*B. U. Steele, Esq.*, for the respondent.

OPINION.

TRAMMELL: This is a proceeding for the redetermination of a deficiency in estate tax in the amount of $2,041.33. The sole issue involves a deduction of $91,125 claimed by the petitioner on account of alleged prior taxed property, which deduction respondent disallowed. The decedent died on November 27, 1924.

The Revenue Act of 1924, in section 303 (a) (2), provides that the value of the net estate, in the case of a resident, shall be determined by deducting from the value of the gross estate, among other things:

(2) An amount equal to the value of any property * * * forming a part of the gross estate situated in the United States of any person who died within five years prior to the death of the decedent * * * where such property can be identified as having been received by the decedent * * * from such prior decedent by gift, bequest, devise, or inheritance, or which can be identified as having been acquired in exchange for property so received. This deduction shall be allowed only where * * * an estate tax under this or any prior act of Congress was paid by or on behalf of * * * the estate of such prior decedent * * * and only in the amount of the value placed by the Commissioner on such property in determining the value of * * * the gross estate of such prior decedent, and only to the extent that the value of such property is included in the decedent's gross estate * * *.

The deduction here in question is claimed under the above quoted provisions of the statute, and is based on the following facts established by the record: On June 1, 1919, Sarah F. Atkins, the prior decedent, sold to her daughter, Mary D. Gladding, the present decedent, 675 shares of the capital stock of E. C. Atkins & Company, at $135 per share, or the total agreed consideration of $91,125. Mary D. Gladding at the time of the transaction executed and delivered to her mother, said prior decedent, two promissory notes in the aggregate amount of $91,125, payable on or before ten years after date, with interest at the rate of 6 per cent per annum, and the shares of stock were pledged as collateral to secure the payment of the notes.

Sarah F. Atkins died testate on September 30, 1920, at which time Mary D. Gladding had not paid any portion of the principal of the

promissory notes and they were included in the estate of Sarah F. Atkins, the prior decedent, at face value and interest unpaid, and the estate tax was duly paid thereon. The stock so purchased by Mary D. Gladding, which was of the value of $146,250 at the time of her death, has been included by the respondent in determining the deficiency herein involved against her estate. Mary D. Gladding died within five years of the death of the prior decedent.

By her will, Sarah F. Atkins devised and bequeathed one-fifth of her estate to her said daughter, Mary D. Gladding, which one-fifth interest exceeded in value $91,125.

Thereafter, the executors of the estate of Sarah F. Atkins, in the course of administration, charged the amount of the notes against the interest of Mary D. Gladding in her mother's estate and canceled the notes and returned them to her, together with the original certificates representing 675 shares of stock.

On December 26, 1922, subsequent to the death of Sarah F. Atkins and prior to the death of Mary D. Gladding, E. C. Atkins & Company declared a stock dividend of 3½ shares of stock for each outstanding share, and Mary D. Gladding then received a stock dividend of 2,250 shares by reason of her ownership of the original 675 shares, making a total of 2,925 shares of this stock owned by Mary D. Gladding at the time of her death.

The 2,925 shares of stock so owned by the present decedent at the time of her death were included in her gross estate, for the purpose of the Federal estate tax, at $50 per share, or a total valuation of $146,250.

The stock dividend received by Mary D. Gladding upon the 675 shares of E. C. Atkins & Company stock has no material bearing on the issue involved in this case. After the receipt of a stock dividend the aggregate number of shares of both the old and new stock represents the same interest in the corporation which was represented by the old stock alone prior to the declaration of the stock dividend. *Archbold* v. *Blair*, 30 Fed. (2d) 774.

The question here is whether or not Mary D. Gladding exchanged prior taxed property which she received from her mother's estate for the shares of stock which the respondent has included in the gross estate of the present decedent. It is clear from the testimony that the value of the note of Mary D. Gladding representing her promise to pay for the stock was included in the estate of her mother, Sarah F. Atkins, the prior decedent. This note was satisfied out of funds of the prior decedent coming to Mary D. Gladding as a beneficiary of that estate, and as a result she received the stock relieved from any lien for the purchase price. In effect, she received funds from the prior decedent with which she paid the purchase price of the

stock. The situation is not different from a case where a second decedent takes funds from a prior decedent on which the estate tax has been paid and purchases stock. We accordingly hold that the stock, to the extent of the value of $91,125, should be excluded from the gross estate of Mary D. Gladding as prior taxed property received as a gift, bequest or devise under the provisions of the section of the statute quoted.

Reviewed by the Board.

*Judgment will be entered for the petitioner.*